1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10   JAMES LUCIUS OLIVER,
11              Plaintiff,              No. CIV S-06-0624 LKK DAD P
12        vs.
13   BRETT WILLIAMS, et al.,
14              Defendants.             ORDER
15   _____/
16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42
17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.
18   § 1915.[1]  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.
19   § 636(b)(1).
20              Plaintiff has submitted a declaration that makes the showing required by 28
21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.
22              Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28
23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently
24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.
25
26       [1] This action was transferred to this district from the U.S. District Court for the Northern
     District of California.

1

1  § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding
2  month's income credited to plaintiff's prison trust account. These payments shall be collected
3  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
4  plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).
5           The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
7  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
9  granted, or that seek monetary relief from a defendant who is immune from such relief. 28
10 U.S.C. § 1915A(b)(1),(2).
11          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
15 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989); Franklin, 745 F.2d at 1227.
18          A complaint, or portion thereof, should only be dismissed for failure to state a
19 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
20 of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
21 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
22 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
23 complaint under this standard, the court must accept as true the allegations of the complaint in
24 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
25 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
26 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. It appears that plaintiff is attempting to complain about medical care he received while incarcerated at Mule Creek State Prison and elsewhere as well as about the manner in which his inmate grievances regarding that care were handled by prison officials. However, plaintiff has not provided any more specific allegation concerning any of the eighteen defendants. It also appears that page 4 is missing from plaintiff's complaint. The court will dismiss the complaint

and grant plaintiff leave to file an amended complaint. Plaintiff must allege how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is also advised that in order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A claim of constitutionally inadequate medical care has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury of the 'unnecessary and wanton infliction of pain.'" 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. In demonstrating the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff must also provide allegations that, if true, would demonstrate that defendants responded to the serious medical need with deliberate indifference. Proof that a defendant acted with deliberate indifference is required to satisfy the subjective prong of the two-part test that is applicable to any Eighth Amendment claim. Farmer, 511 U.S. at 834.

/////

1    Before it can be said that a prisoner's civil rights have been abridged with regard
2 to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,'
3 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter
4 Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Deliberate
5 indifference is "a state of mind more blameworthy than negligence" and "requires 'more than
6 ordinary lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835 (quoting
7 Whitley v. Albers, 475 U.S. 312, 319 (1986)). A physician need not fail to treat an inmate
8 altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial,
9 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition,
10 even if some treatment is prescribed, may constitute deliberate indifference in a particular case.
11 Id. However, mere differences of opinion between a prisoner and prison medical staff as to
12 proper medical care do not give rise to a § 1983 claim. See Sanchez v. Vild, 891 F.2d 240, 242
13 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir. 1981).

14    Additionally, mere delay in medical treatment without more is insufficient to state
15 a claim of deliberate medical indifference. See Shapley v. Nevada Bd. of State Prison Com'rs,
16 766 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful,
17 there is no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1060
18 (citing Wood v. Housewright, 900 F.2d 1332, 1339-40 (9th Cir. 1990) and Hudson v. McMillian,
19 503 U.S. 1, 5-9 (1992)). A finding that an inmate was seriously harmed by the defendant's
20 action or inaction tends to provide additional support for a claim of deliberate indifference;
21 however, it does not end the inquiry. McGuckin, 974 F.2d at 1060. In summary, "the more
22 serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in
23 light of those needs, the more likely it is that a plaintiff has established "deliberate indifference
24 on the part of the defendant." Id. at 1061.

25    Plaintiff seeks monetary damages and requests "that each and all defendants be
26 [sic] suffer the Penalty of the lost [sic] of their medical license from Assistance to Physicians and

permant [sic] notice placed on each and all's [sic] employment recorded for future employee notice . . . ." (Compl. at 5.)  Plaintiff is advised that the federal court does not have authority to revoke the state licenses of physicians or medical assistants, or to place notices in personnel records.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; plaintiff shall use the form complaint provided by the Clerk of the Court; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

/////

/////

5. The Clerk of the Court is directed to provide plaintiff with a copy of the court's form § 1983 complaint.

DATED: March 31, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
oliv624.14